# IN THE UNITED STATES DISTRICT COURT
# FOR THEEASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-483-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Michael Holt requests judicial review of the Social Security Administration Commissioner's decision denying him benefits under the Social Security Act pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the decision of the Commissioner decision is hereby REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v.Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner toshow there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 11, 1956, and was fifty-two years old at the time of the administrative hearing. (Tr. 29). He has a ninth grade education and past relevant work as a refinery operator and car wash attendant (Tr. 17). The claimant initially alleged inability to work since July 17, 1997, but his onset date was amended at the administrative hearing to March 31, 2003. (Tr. 58, 189). The claimant contends he is unable to work because of problems related to his back, neck, hands, lungs, shoulders, right hip, and right knee, broken toes, hearing problems, and asthma. (Tr. 189).

## Procedural History

The claimant applied on December 14, 2007 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Edward L. Thompson determined the claimant was not disabled in a written opinion dated November 13, 2009. (Tr. 11-18). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant's severe impairments consisted of degenerative disc disease, status post

carpal tunnel release, osteoarthritis in the metacarpal phalangeal joint, and bilateral sensorineural hearing loss (Tr. 13), but that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following restrictions: (i) lifting/carrying twenty pounds occasionally and ten pounds frequently; (ii) standing/walking for a total of two hours in an eight-hour workday; (iii) sitting for a total of six hours in an eight-hour workday; (iv) pushing/pulling up to 20 pounds occasionally and 10 pounds frequently; and, (v) climbing, balancing, stooping, kneeling, crouching, and crawling only occasionally. (Tr. 14). The ALJ prohibited the claimant from work in environments with moderate exposure to hazards, unprotected heights, concentrated exposure to noise, and concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 318). The ALJ found that while the claimant was not capable of performing his past relevant work, he was nevertheless not disabled because there was other work he could perform in the national economy, *i. e.*, sorter, weight tester, and surveillance system monitor (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by failing to submit a complete administrative record; (ii) by failing to properly analyze his credibility; (iii) by failing to analyze how his step two severe impairments of carpal tunnel syndrome and right thumb impairment impacted his RFC at step four; and (iv) by failing to determine his onset date in accordance with Soc. Sec. Rul. 83-20. The Court finds merit in the claimant's third contention, and the decision of the Commissioner must therefore be reversed.

Dr. Michael D. Farrar, D.O. submitted a written report dated April 9, 1996 detailing the claimant's hand-related impairments (Tr. 276-79). In that report, Dr. Farrar wrote that the claimant's hand problems were of a "cumulative favor" and cited the fact that the claimant's 20-year work history at Total Petroleum had required repetitive gripping, grasping, pushing, and pulling (Tr. 276). Dr. Farrar also noted that claimant had been involved in a traumatic work injury in which a "solid door" struck his right thumb, hyperextending it (Tr. 276). On the advice of physicians treating him subsequent to the thumb injury, he underwent fusion of the MP joint of his right thumb, right carpal tunnel decompression, and arthroscopy of the right wrist (Tr. 277). Based on an examination of the claimant, Dr. Farrar opined that the claimant had a 40% impairment to the right hand and a 35% impairment to the left hand, which when combined, resulted in a 37.5% impairment to the body as a whole (Tr. 278).

On May 15, 1996, the claimant was examined by Dr. John R. Adair, M.D. in connection with his workers' compensation claim, and found that the claimant was significantly limited in various ways related to his hands. For instance, Dr. Adair found that claimant had a 60% temporary impairment of his right thumb and a 25% permanent partial impairment to his right hand because of his thumb (Tr. 378). Ultimately, Dr. Adair found that the claimant had a 29% permanent partial impairment to his right thumb, 5% permanent partial impairment to both the right and left hand and wrist because of carpal tunnel syndrome (Tr. 381). Further, the claimant was assessed to have a combined impairment to both hands of 39%, a 35% permanent impairment to the upper

extremity, and a 21% permanent partial impairment to the whole body (Tr. 381).

The ALJ found at step two that claimant had severe impairments related to his hands, including status post carpal tunnel release and osteoarthritis in the right metacarpal phalangeal joint, but failed to include any restrictions in the claimant's RFC related to these impairments at step four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."). *See also Givens v. Astrue*, 2007 WL 3046302, *slip op.* at *4 (10th Cir. Oct. 18, 2007) (noting that without proper explanation the ALJ erred when he "concluded at step two of the analysis that Ms. Givens' depression constituted a severe impairment [and] [t]hat impairment had disappeared from his analysis . . . by the time he reached step five.") [unpublished opinion]. Nor did the ALJ discuss evidence in the record that would have supported functional limitations in the claimant's RFC, *e. g.*, in workers compensation proceedings, the claimant was adjudged to have sustained 25% partial permanent disability to his right hand and a 15% partial permanent disability to his left hand, resulting in a combined 17% partial permanent disability to his body as a whole (Tr. 247), and Drs. Farrar and Adair rendered opinions as to the claimant's disability rating in relation to his hands (Tr. 278, 381). *See, e. g., Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) ("Although another agency's determination of disability is not binding on the Social Security Administration, 20 C.F.R. § 416.904, it is evidence that the ALJ must consider and explain why he did not find it persuasive."), *citing Baca v. Department of Health & Human Services*, 5 F.3d

476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."), *quoting Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979). *See also Kanelakos v. Astrue*, 249 Fed. Appx. 6, 8 (10th Cir. 2007).

Because the ALJ failed to properly analyze the claimant's hand impairments at step four, the Commissioner's decision must be REVERSED and the case REMANDED to the ALJ for further analysis as outlined above. If such analysis results in any changes to the claimant's RFC, the ALJ must re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma